## Buckley *versus* Duff & Sons.

1. A valid reservation of a question of law on the trial of an issue of fact must be a question of law solely. The facts must be found by the jury or agreed upon by the parties.

2. To authorize the court to enter judgment *non obstante veredicto* the record must show the point and the facts on which it arises.

3. The specific reservation should be made a matter of record at the time of the reservation, the omission to do so is not cured by a statement of the reservation in the opinion of the court filed on entering judgment. The opinion of the court is no part of the record.

November 7th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term, 1885, No. 206.

This was a feigned issue awarded by the court to determine the ownership of certain paper box making machines.

After the evidence for the plaintiff was all in, the defendant offered none, January 31st, 1884, the court charged the jury as follows: "There is a little law question, although I have not much doubt about it myself, still the learned counsel want to be heard on it, and I will take your verdict for the plaintiff subject to the opinion of the court on the question of law reserved."

The question of law reserved was not made a matter of record, neither did the record show on what questions of fact it arose. A statement of the question reserved was given in the opinion of the court, entering judgment in favor of the defendants *non obstante veredicto*, filed October 2d, 1885.

The following was the opinion of the court, COLLIER, A. L. J.

On the trial of this case the following facts were proven and admitted, viz.:

That on the 1st of July, 1872, Charles Buckley, the plaintiff, sold his paper box manufactory to the firm of Greaves & Marland, taking in payment therefor judgment notes. The purchasers paid all these notes except the last one, which was for $358.33, maturing July 1st, 1874. On April 7th, 1875, the purchasers having failed to pay this note for three hundred and fifty-eight dollars and thirty-three cents ($358.33), an arrangement was effected by which Greaves & Marland gave to Buckley a bill of sale of certain paper box making machines, being a part of the stock and fixtures originally sold to them by Buckley, and took from the said Buckley a

lease of said machines at a fixed rental. The lease is as follows:

"I, Charles Buckley, agree to rent Greaves & Marland one Clark's machine, one Dennison machine, one corner cutter, one Bates' oval cutter, and two pairs of Brombacker shears, now in the third story of house No. 92 Third Avenue, in this city, for the sum of fifty cents per week, which they agree to pay on the first Monday of each and every month from this date.

"Pittsburgh, April 7th, 1875.
                    "[Signed]          GREAVES & MARLAND.
                                       CHARLES BUCKLEY."

The unpaid judgment note for $358.33, was then cancelled, and the machines remained as before, in the possession of Greaves & Marland.

Under this arrangement Greaves & Marland continued business as before, and under the same business sign, until the withdrawal of Marland from the firm. The machines remained in the use and possession of Greaves & Marland continuously from the sale by Buckley to them in 1872, until the sheriff's levy upon them in this case, December, 1882, at the suit of P. Duff & Sons, the defendants, to whom Greaves, successor to Greaves & Marland, had given a judgment note for an indebtedness accruing some years after the lease to Greaves & Marland of the machines now in dispute. Greaves & Marland paid to Buckley the fixed rental for said machines ($2) per month from April, 1875, until the levy on the same in 1882. Buckley kept the machines insured for the same period as his property. There was no evidence that, at the time of the transaction of April 7th, 1875, Greaves & Marland were indebted to any other persons than to the plaintiff, Charles Buckley.

Under the above admitted facts the court directed the jury to find a verdict for the plaintiff, subject to the opinion of the court on a question of law reserved, which question is: "Was the transaction of April 7th, 1875, by which the machines were assigned and transferred to Buckley, fraudulent in law as to creditors."

The transaction of April 7th, 1875, was, we think, clearly a re-sale of the machines by Greaves & Marland to Buckley, the plaintiff. There was no change of possession in fact, nor any reason shown why there could not be. Nothing was done but giving a bill of sale to Buckley and taking a lease from him. The machines remained in the possession of Greaves & Marland just as they had done before, and their business was carried on just as it had been before the transfer, down

[Buckley v. Duff & Sons.].

to the time of the levy by the sheriff on the writ of the defendants' creditors.   We think this case is ruled by Clow v. Woods, 5 S. & R., 278 ; Cunningham v. Neville, 10 Id., 201 ; Babb v. Clemson, 10 Id., 419 ; Streeper v. Eckart, 2 Wh., 302 ; Hoofsmith v. Cope, 6 Id., 53 ; McBride v. McClelland, 6 Watts & Serg., 94 ; Stark v. Ward, 3 Pa. St., 328 ; Milne v. Henry, 40 Id., 352 ; Henry v. Milne, 43 Id., 418, and that class of cases which hold that a transfer of personal property unaccompanied by a corresponding change of possession is void *per se* as to creditors.

In Cunningham v. Neville, 10 S. & R., 201, the court held in an opinion by GIBSON, C. J., that " where goods assigned are susceptible of delivery, a mere symbolical delivery is not sufficient to exempt the case from the charge of legal fraud, if the assignor retain possession."

In McBride v. McClelland, 6 Watts & Serg., 94, the court held that " a symbolical, constructive, or temporary delivery of personal property is not sufficient to change the ownership as to creditors ; there must be an actual delivery at the time of the transfer, and a continuing possession, otherwise the sale, although *bona fide*, as between the parties themselves, is fraudulent in law."   And the court further says, in its opinion : " In order to make a transfer of personal property available against creditors . . . it must be accompanied by a change of possession at the time, or within a reasonable time thereafter.   The change of possession must be *bona fide*, not colorable—clear, unequivocal and exclusive.   The rule is intended to prevent fraud, and avoid the danger to creditors, by giving a man a false and delusive credit . . . and how is it possible that a change, merely for a single night or day, can answer the purpose, and advise the public of the change of ownership in the property.   It is not sufficient that the assignor give to the assignee a delivery, which may be symbolical or constructive, or a temporary delivery, and then take the articles back into his own possession, and keep and use them just as before.   This is not the possession in the assignee which the law requires.   There must be not only a delivery of the thing at the time of the transfer, but a continuing possession, and that must be shown by the claimant."

So, THOMPSON, C. J., in delivering the opinion of the court in Milne v. Henry, 40 Pa. St., 358, says : " In Young v. McClure, 2 Watts & Serg., 147, this court said, following established doctrine and developing nothing new : ' The question, however, is not in these cases (of retained possession by a vendor), whether under all the circumstances the transfer is in good faith, and without design to cover the property, or to hinder or delay creditors.   It is an inflexible .rule, which

1 AMERMAN—15

makes it fraud *per se*, if the possession does not follow, as well as accompany the transfer: Clow *v.* Wood, 5 S. & R., 275; Babb *v.* Clemson, 10 Id., 419; Carpenter *v.* Mayer, 5 Watts. 485; Hamilton *v.* Russell, 1 Cranch, 309. If it was a fraud in law, without regard to the intent of the parties, it becomes a question for the court and not for the jury to decide: Dornick *v.* Reichenback, 10 S. & R., 84; Carpenter *v.* Mayer, 5 Watts, 483. . . . See also 6 Casey, 539; 6 Harris, 113; and particularly Twyne's Case, 1 Sm. Lead. Cas., 47, 5th ed., Am. n., where this whole subject is fully and learnedly examined, and the law stated in accordance with the principles here declared."

In our opinion, there having been no such change of possession as is required by law, nor of which the property was susceptible, the transaction of April 7th, 1875, by which the machines were assigned and transferred to Buckley, the plaintiff, was fraudulent in law, and void as to creditors; and judgment must be entered for the defendants, *non obstante veredicto.*

And now, October 2d, 1885, judgment is entered in favor of the defendants on the question of law reserved *non obstante veredicto.*

Whereupon the plaintiff took this writ, filing the following assignments of error: 1. The court erred in not spreading upon the record the question of law to be reserved. 2. The court erred in making the following order: "And now, October 2d, 1885, judgment is entered in favor of the defendant on the question of law reserved, *non obstante veredicto.*

*John Douglas* (with whom was *Geo. Elphinstone*), for the plaintiff in error.—The question of law attempted to be reserved was neither stated in the charge of the court nor placed on the record in any other way. The question of law reserved should be stated upon the record at the time the case is tried: Inquirer Printing Co. *v.* Rice, 10 Out., 623; Irwin *v.* Wickersham, 1 Casey, 316.

*Geo. B. Gordon* (with whom was *John Dalzell*), for the defendants in error.—There is no allegation that the question embodied in the opinion was not the one reserved. the one argued, or that any other question could possibly have arisen on the undisputed facts in the case. This case is. not like those cited by the counsel for plaintiff. In the Inquirer Printing Co. *v.* Rice, 10 Out., 624, there was no reservation at all; the verdict was taken for the plaintiff absolutely, and judgment entered for the defendant afterwards on a rule to show cause. The cases there cited by the court in its opinion

are generally cases where there was testimony on both sides, and a consequent necessity for a particularization of the facts found, in order to give certainty to the question of law reserved.   Not so here, where there was no dispute as to the facts.   In the Inquirer Printing Co. v. Rice, *supra*, the court say: "It nowhere appears, either in the record proper, the opinion of the court, or in the notes of trial, that any question of law was reserved."   Here the record shows a reservation, and the opinion of the court shows the question reserved.

Chief Justice MERCUR delivered the opinion of the court, January 4th, 1886.

A valid reservation of a question of law on the trial of an issue of fact must be a question of law solely.   It cannot be of a question of law and fact mingled.   The effect of such a reservation would be to transfer to the court that ascertainment of facts which belongs to the jury.   The facts must be found by the jury or agreed upon by the parties: Winchester v. Bennett, 4 P. F. S., 510 ; Campbell v. O'Neill, 14 Id., 290 ; Robinson v. Myers, 17 Id., 18 ; Commonwealth v. McDowell, 5 Norris, 377.

To authorize the court to enter judgment *non obstante veredicto*, the record must show the point and the facts on which it arises: Irwin v. Wickersham, 1 Casey, 316.   The question reserved must be distinctly put on the record.   The parties have a right to except not only to the judgment on the reserved question, but also to the manner in which the question itself be reserved.   The specific reservation should therefore be made a matter of record at the time of the reservation : Ferguson v. Wright, 11 P. F. S., 258 ; Wilde v. Trainor, 9 Id., 439 ; Patton v. P. C. & St. L. Railway Co., 15 Norris, 169 ; Elkins v. Susq. Mut. Fire Ins. Co., 14 Pittsburgh L. Jour., 420 ; Inquirer Printing Co., 10 Out., 623.

The omission to make the point reserved a matter of record is not cured by a statement of the reservation in the opinion of the court filed long afterwards, on entering judgment. That opinion is no part of the record proper.

In the present case the record is fatally defective.   In the charge of the court to the jury the learned judge says: "There is a little law question, although I have not much doubt about it myself, still the learned counsel want to be heard on it, and I will take your verdict for the plaintiff subject to the opinion of the court on the question of law reserved."

What that question of law was, or on what questions of fact it arose, the record wholly fails to show.   No search thereof could give the slightest information.   A reservation, whether

under all the evidence in ·the cause the plaintiff is entitled to recover, is bad : Wilson *v.* Steamboat Tuscarora, 1 Casey, 317; Wilde *v.* Trainor, *supra.*

It is true in the opinion of the court, on entering judgment, filed more than eighteen months after verdict rendered, the transaction on which the question of law was reserved is stated. This, as we have already shown, is clearly insufficient to authorize the entry of judgment *non obstante veredicto.*

    Judgment reversed, and a venire facias de novo awarded.