# William McCallin, Plff. in Err., *v.* Henry Herzer et al.

A reserved question of law must state the facts upon which the question is founded.

That the plaintiff offers the testimony of witnesses to prove his case, and the defendant offers none, does not alter the rule, the credibility of the witnesses, although not directly impeached, being for the jury.

(Argued November 3, 1886. Decided November 8, 1886.)

October Term, 1886, No. 176, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 1 of Allegheny County to review a judgment on a

NOTE.—Where a question of law is reserved the record should show the facts found by the jury, or agreed to, upon which it rests. Buckley v. Duff, 111 Pa. 223; Fayette City v. Huggins, 112 Pa. 1, 4 Atl. 927; Fisher v. Scharadin, 186 Pa. 565, 40 Atl. 1091. A verdict for plaintiff "subject to the opinion of the court on legal points reserved" is insufficient. Moore v. Copley, 165 Pa. 294, 44 Am. St. Rep. 664, 30 Atl. 829. But there may be a reservation under all the evidence in the case, without a statement of

verdict for plaintiffs in an action of trespass *vi et armis.* Reversed.

The facts are stated in the opinion.

The court instructed the jury as follows:

"For the present I shall instruct the jury that the plaintiffs have a right to recover, under the testimony offered in this case, and direct them to render a verdict for the plaintiffs, subject to the opinion of the court on the question of law reserved, to wit: whether under all the evidence in the case the plaintiffs are entitled to recover." Defendant excepted and bill sealed.

The court afterwards entered judgment on the verdict.

The assignments of error specified the action of the court in instructing the jury as above and in not submitting to the jury the question of the ownership of the goods.

*John A. Emery* and *Wm. C. Moreland,* for plaintiff in error. —It is error to withdraw a question of fact from the jury, although the testimony of the only witness be uncontradicted; the question of his credibility is still before them. Madara v. Eversole, 62 Pa. 160; Bergner v. Thompson, 74 Pa. 168; McClurkan v. Byers, 74 Pa. 405.

A charge which withdraws a question of fact from the jury is erroneous. Rife v. Galbreath, 3 Penr. & W. 204; Holden v. Winslow, 18 Pa. 160; Tenbrooke v. Jahke, 77 Pa. 392; Elkins v. McKean, 79 Pa. 493.

It is error to withdraw the case from the jury if there be any matter proper for their decision. Moore v. Miller, 8 Pa. 272; Sellers v. Jones, 22 Pa. 425.

It is error to give a binding instruction as to the inferences to be drawn from the facts in evidence. Wenrich v. Heffner, 38 Pa. 207.

Although the weight of the evidence may greatly preponderate

the facts therein. Newhard v. Pennsylvania R. Co. 153 Pa. 417, 19 L. R. A. 563, 26 Atl. 105; Fisher v. Scharadin, 186 Pa. 565, 40 Atl. 1091. The authorities are, however, conflicting, as will be noted in the opinion of DEAN, J., in the last case. See Central Bank v. Earley, 113 Pa. 477, 4 Cent. Rep. 270, 6 Atl. 236, and Henry v. Heilman Bros. 114 Pa. 499, 5 Cent. Rep. 325, 6 Atl. 921.

For the effect of a reversal of a judgment entered *non obstante veredicto,* see note to Johnston v. United Presby. Bd. of Publication, *post,* 256.

on one side, it is error to instruct the jury that it is conclusive. Trovillo v. Tilford, 6 Watts, 468, 31 Am. Dec. 484; Holden v. Winslow, 18 Pa. 160.

The specific reservation should be made a matter of record at the time of the reservation. The omission to do so is not cured by a statement of the reservation, in the opinion of the court, on entering judgment. The opinion of the court is no part of the record. Buckley v. Duff, 111 Pa. 223, 3 Atl. 823; Irwin v. Wickersham, 25 Pa. 316; Wilson v. The Tuscarora, 25 Pa. 317; Clark v. Wilder, 25 Pa. 314; Winchester v. Bennett, 54 Pa. 510; Ferguson v. Wright, 61 Pa. 258; Wilde v. Trainor, 59 Pa. 439; Patton v. Pittsburgh, C. & St. L. R. Co. 96 Pa. 169; Elkins v. Susquehanna Mut. F. Ins. Co. 14 Pittsb. L. J. 420; Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 623.

*Josiah Cohen* and *A. Israel,* for defendants in error.—There was no dispute as to the facts; they were admitted by the defendant.

The cases cited by the other side apply where judgment is entered *non obstante veredicto.* Here there was simply a judgment upon the verdict. This court will not reverse it. Yard v. Pancoast, 108 Pa. 384.

Opinion by Mr. Justice Sterrett:

In the court below, the issue of fact was as to the ownership of certain flour attached and sold by the sheriff as the property of Henry Hays & Company. To maintain the issue on their part, the plaintiffs introduced testimony tending to prove that the flour belonged to them, and not to the defendants in the attachment, and that, notwithstanding notice to that effect was given to the sheriff, defendant below, he sold the flour as the property of Henry Hays & Company. The defendant then gave in evidence the entire record of the attachment suit, showing the order of the court under which the sale was made, the auditor's report, etc., and rested. The learned president of the court thereupon instructed the jury that, under the testimony, plaintiffs were entitled to recover, and directed a verdict in their favor, subject to the question of law reserved, to wit: "Whether, under all the evidence in the case, plaintiffs are entitled to recover." To the binding instructions, thus given, defendant excepted, and that

forms the subject of complaint in the first and second specifications of error.

The burden of proving their ownership of the flour in question was clearly on plaintiffs below; and that involved not only the fact that they consigned the flour to Henry Hays & Company to be sold on commission for their account, but also the identification of the flour as part of that consignment. While the witness called by them for that purpose, in his examination in chief testified in substance that the flour was theirs, the force of his testimony was somewhat weakened by the cross-examination to which he was subjected; and, as the case stood when the testimony was closed, it should have been submitted to the jury to find what the facts were. In the absence of any agreement as to the controlling facts of the case—and the record shows no such agreement—it was the province of the jury and not of the court to determine them. The credibility of the witness, though not directly impeached, was for the jury. When material facts are not admitted, or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to consider and pass upon the testimony. The line of demarcation in that regard, between the duty of the court and that of the jury, should be carefully observed. While, on the one hand, the court should not permit the jury to disregard or evade its instructions as to matters of law, it should be equally careful not to invade the province of the jury by assuming the determination of facts. As was well said by Mr. Justice BLACK in Wilson v. The Tuscarora, 25 Pa. 317: "If a court can reserve all the evidence in a case and call it a point, then there is no use for juries, and very little for judges of the common pleas. The jurors may leave the evidence to the court, and the court can hand it over to us without more trouble than it costs to pronounce a judgment, *pro forma,* for one party or the other." Notwithstanding the repeated deliverances of this court from that time to this, on the subject of reserved questions of law, the truth of the observation, above quoted, is quite too frequently verified in our own experience.

In his opinion, on the so-called reserved question, the learned judge says: "The jury found that the property claimed by plaintiffs was theirs at the time the attachment was served, and fixed its value." This is a mistake. Under the binding instructions, excepted to by defendant, the jury was not permitted to pass upon the question of ownership. The court did it for them,

and for that reason, if no other, the judgment must be reversed. The first and second specifications are therefore sustained.

The disposition thus made of the first and second assignments supersedes the necessity of considering the remaining specifications. In this connection, however, we wish to call attention to a few of the many cases in which the subject of reserved questions has been considered: Irwin v. Wickersham, 25 Pa. 316; Wilson v. The Tuscarora, 25 Pa. 317; Ferguson v. Wright, 61 Pa. 258; Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 623; Buckley v. Duff, 111 Pa. 223, 1 Cent. Rep. 909, 3 Atl. 823, and the cases there cited.

If the rules of practice suggested in these cases were more generally observed, it would relieve us of considerable labor and at the same time greatly lessen the delay and expense of litigation.

Judgment reversed and a *venire facias de novo* awarded.