86   454
29 SC 178

# Miller, Assignee of Loomis, *versus* Bedford.

1. Where a mechanic's claim sets forth that it was for work done and materials furnished in pursuance of a contract, it is regular on its face, and the lien will be sustained by proof that the price of the work was to be ascertained by measurement after its completion.

2. Where the record does not show what the reserved points are, the entry of judgment *non obstante veredicto* is without warrant.

March 19th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Wyoming county:* Of January Term 1878, No. 160.

*Scire facias sur* mechanic's claim filed by C. P. Miller, assignee of L. P. Loomis, against B. R. Bedford.

The claim filed set forth: " The amount claimed to be due is seven hundred and eighty-six dollars and thirty-five cents, for work and labor, sand, lime, brick and materials furnished in and about the erection of said building by L. P. Loomis, within six months past; the work and labor having been done and the materials furnished in pursuance of a contract for the erection of said building entered into between B. R. Bedford and said L. P. Loomis, dated June 27th 1871, and supplement thereto, dated September 11th 1871, as occasion required, commencing on the 10th day of October 1871, and continuing until the 10th day November 1871, when the last work was done and the contract performed on the part of said L. P. Loomis."

[Miller v. Bedford.]

The defendant entered a rule to show cause why the claim should not be stricken from the record, which the court discharged. The defendant then filed a plea of "Nil debit." At the trial the agreement of June 27th 1871, was put in evidence by plaintiff, wherein it was stipulated that Loomis would furnish the brick, lime, sand and other materials necessary, and in a good and workmanlike manner erect the outside walls for a brick building, in accordance with certain plans,, and that in consideration therefor Bedford was to pay Loomis $13.50 per thousand bricks "at measurement, and to be measured after said walls and work were completed." By the supplementary contract of September 11th 1871, certain additional work was to be done by Loomis, for which he was to receive an additional sum of fifty cents per thousand bricks. A computation showed that the number of bricks actually used at the contract price made the amount claimed. It was also shown that the claim was assigned to Miller. The plaintiff having closed his evidence, the defendant moved for a nonsuit, which the court, Ingham, P. J., refused, saying :—

"This motion is overruled for the purpose of taking the verdict of the jury on the evidence, the court reserving the legal points involved."

The verdict was for the plaintiff. The court subsequently entered judgment for the defendant *non obstante veredicto*, in an opinion, inter alia, saying :—

"The plaintiff having closed his evidence, the defendant, by his counsel, moved for a compulsory nonsuit. This motion we overruled for the purpose of submitting to the jury the facts proved in the case, reserving the points : whether the claim filed in the case was sufficient to create a lien under the mechanics' lien laws, and whether the plaintiff has given such evidence as is in law sufficient to maintain the action, or sufficient evidence to submit to the jury. The right of a mechanic or material man to a lien upon a building can only be asserted in the manner provided by the statute. The statute, among other things, provides that every claim must set forth 'the amount or sum claimed to be due, and the nature or kind of work done, or the kind and amount of materials furnished, and the time when the materials were furnished, or the work done, as the case may be.' The claim filed by Loomis does not state 'the nature or kind of the work done, nor the amount of material furnished.' On its face, therefore, it is defective as a lien unless the omission to comply with the form of the statute is supplied by the fact that the work and labor were done and the materials furnished in pursuance of an agreement for a stipulated sum. The claim sets forth that the work and labor were done and the material furnished in pursuance of a contract for the erection of a building. The amount claimed to be due is $786.35. On the ground that this claim appeared to be founded on a special contract

[Miller *v.* Bedford.]

for a round sum of money (and not having the contract before us), we overruled the defendant's motion to strike off the lien and compelled him to plead to the scire facias. When the contract was offered it appeared that the value of the work could only be computed by the measurement of the work and a computation of the number of the brick; that it was not for a round sum of money, but provided for payment for the work of laying the brick at a fixed price per thousand. Construing the allegation in the claim as we were compelled to construe it in order to sustain the validity of the lien, and there appears a clear variance between the evidence offered and the claim filed, the *allegata* and the *probata* do not correspond. For these reasons we find that judgment cannot be entered for plaintiff on the verdict, and judgment must be entered against him *non obstante veredicto.*"

This action was assigned for error by Miller, who took this writ.

*Sittser & Harding* and *W. E. & C. A. Little*, for plaintiff in error.—The reservation of "the legal points involved" is irregular. It is not a good reservation of a point to reserve it on all the evidence. Every reservation of a question should place distinctly upon the record what the point is which is reserved and the state of facts out of which it arose: Irwin *v.* Wickersham, 1 Casey 316; Winchester *v.* Bennett, 4 P. F. Smith 510; Ferguson's Admr's *v.* Wright's Admr's, 11 Id. 258. After pleading to the scire facias all objections to the lien were waived: Howell *v.* City of Philadelphia, 2 Wright 471. The claim made here is sustained by Hill *et al. v.* McDowell *et al.*, 2 Harris 175, where the amount of work done was not stated, and it was alleged to have been done in pursuance of an agreement.

*F. C. Ross*, for defendant in error.—The questions reserved were distinctly stated in the opinion of the court, and were raised in the court by the exceptions to evidence and motion for the nonsuit. In all the cases cited by the plaintiff there were controverted facts, and the manner of reserving the questions involved the court's assuming the facts without a distinct finding by the jury, but in this case the record shows that no evidence was offered on part of defendant, and hence the facts were undisputed.

No waiver can be presumed after a motion to strike the claim from the record. Hill *v.* McDowell, *supra*, cannot be reconciled with the later authorities.

Mr. Justice GORDON delivered the opinion of the court, April 4th 1878.

Were we to determine this case according to that of Hill *v.* McDowell, 2 Harris 175, we should be obliged to say that not only the claim filed but the proofs also, were sufficient to sustain the

[Miller *v.* Bedford.]

lien in controversy, for, in that case as in this, the contract was, that the price of the work should be ascertained by measurement after its completion ; and, in that case as in this, the objection was made that as the contract was not for a fixed sum in gross, the lien was irregular for want of proper specifications.

The lien, however, under consideration has the advantage over that in the case above mentioned in that it is regular upon its face, inasmuch as it sets forth a contract under which the materials were furnished and the work was done, which did not appear in the case of Hill *v.* McDowell, *supra*. The court, then, did right in refusing the motion to strike off the lien.

It was thought, however, that the contract, not being for a sum *in solido*, did not support the claim filed, and so judgment was entered *non obstante veredicto*, on certain alleged reserved points, for the defendant. What these points thus reserved were, the record does not show, and we must therefore assume that the judgment was entered without warrant : Ferguson *v.* Wright, 11 P. F. Smith 258. In that case it was held that a reservation, whether upon the whole testimony, the plaintiff was entitled to recover, was not good, as it furnished nothing to which the party might except in order to have a review ; but the argument is *a fortiori* where the reservation is made upon no point whatever.

The judgment is reversed, and it is now ordered that judgment on the verdict be entered for the plaintiff.