## CHAS. GEIBLE v. JOSEPH SMITH ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF BUTLER COUNTY.

Argued October 21, 1891—Decided January 4, 1892.

When a continuous and apparent easement or servitude is imposed by the
owner of land upon one portion of it for the benefit of another portion,
and the portions are subsequently conveyed to different persons, the
purchaser of the servient property, in the absence of an express reser-
vation or agreement on the subject, takes it subject to the easement or
servitude so imposed.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 275 October Term 1891, Sup. Ct.; court below, No. 99
March Term 1891, C. P.

To the number and term of the court below, Charles Geible,
Sr., brought trespass against Joseph Smith and Herbert Smith.
Issue.

At the trial at special term, on May 25, 1891, the plaintiff
presented a portion of his case in chief, when by agreement
the cause was submitted to the decision of the court without a
jury, and the jury was thereupon withdrawn. The controversy
is illustrated by the plan on the following page.

The testimony having closed, after argument, the court,
HAZEN, P. J., filed the following decision:

The title to the properties is not denied by either party.
The right of defendants to use the way, as it existed at and be-
fore the time of sale by Charles Duffy to the parties hereto, is
the sole question.

Charles Duffy was the owner of a certain lot or piece of land
situate on the west side of South Main street in the borough
of Butler, in said county, fronting thirty-four feet on said street
and extending back west one hundred and eighty feet said
width, to an alley; bounded on the north by land of Al. Ruff
and on the south by land of Pape.

Decision of Court below.

In the fall of 1878, said Duffy and Ruff each began constructing a two-story brick building, with uniform front, on their said respective pieces of land, each covering the entire front on said street, and extending back eighty feet, completing the same in the spring of 1879. Duffy's building contained two several store rooms, divided by a brick partition wall extending from the ground to the roof. The south wall was common to both Pape and Duffy, each owning to the centre line thereof.

RUFF.

HALL.

HALL.                        FRONT STAIRS.

GEIBLE.                        GEIBLE.

HALL.

SMITH.                        SMITH.

PAPE.

A union stairway and hall on second floor were constructed by mutual agreement, in parol, by Duffy and Ruff, between their said buildings, the stairway leading from the pavement on the west side of said Main street to the second floor of and between said buildings; thence to the rear, eighty feet, and by a stairway to the ground at west end of the buildings, for the use in common of the owners and occupants of said buildings.

Duffy constructed a hallway of studding, lathing and plastering, on the second floor of his said buildings, beginning on the north side or line, near the head of said union stairs and at the hallway between his buildings and said Ruff's, thence south through the said partition wall between his two store buildings, to the partition wall on his south line. This hall

Decision of Court below.

was pierced on both sides with doorways opening into rooms on each side thereof, in both his said buildings or store-rooms.

Said union stairs and hall, and the hall leading south across Duffy's building to the south line thereof, were for the use of the occupants of said buildings, and were used by the tenants on the said floors of said buildings continuously from the time said buildings were constructed until the bringing of this suit.

There is no other provision made in the general plan of these store buildings, for reaching the second story of Duffy's buildings, or either of them, save by said stairway and halls.

Said Charles Duffy sold and conveyed to Charles Geible, Sr., the plaintiff, by deed of general warranty dated October 2, 1879, recorded November 24, 1879, in deed book 57, page 645, his building or store-room on the north side of said land, adjoining said Ruff and on which said union stairway and hall was constructed, without any reservation whatever as to the use of said stairway and halls, or any of them, for his other or remaining building.

Subsequently, Charles Duffy sold and conveyed to Joseph Smith and Herbert W. Smith, the defendants, by deed of general warranty, dated December 30, 1890, recorded December 31, 1890, in deed book 115, page 486, his remaining store-room of the two, without reservation or restriction as to said stairways and halls, or any of them.

Charles Geible, Sr., went into immediate possession of his said lot and building, on purchasing and taking title of same. Said Joseph Smith and Herbert W. Smith, defendants, went into immediate possession of the lot and building, on purchasing and taking title for same. Said stairways and halls were then, and continuously had been, from the completion of said buildings in the spring of 1879, open, visible, peaceable, and in constant use, by all the occupants, in common, of the two buildings.

Charles Geible, Sr., knew this fact and use when he purchased said building from Duffy. Plaintiff, Charles Geible, Sr., testified: "I first asked Duffy about the stairway; then I asked Mr. Duffy about the halls whether Ruff or anybody else had any right of them halls, and he said not. Then he took the word to make it sure, 'I will sell you from the centre of the Ruff wall to the centre of the other wall,' and that includes

all that was said when I bought." Charles Duffy testified in corroboration of Charles Geible, as follows : "I sold from centre to centre. I sold Mr. Geible those eighteen feet, and of course sold him all that I had there of the eighteen feet; all that I made him the deed for. The deed shows what I sold Geible."

There is no evidence showing or tending to show that defendants had any knowledge of this private conversation had between Charles Duffy, the vendor, and Charles Geible, the vendee, regarding this matter.

[Further, defendants are bound only by the notice which the records of the conveyance from Duffy to Geible gave them, and the physical appearance of the property, as well as the open, visible and continuous use that it had been put to, and was, at the time of their purchase.] [12]

Plaintiff disputes the right of defendants to use the stairways and halls as they existed at the time of the construction of the buildings and up to the time of their purchase from Duffy. Certainly, no question could be raised about the right of Duffy to use said stairways and halls while he owned the property ; plaintiff having purchased, taken title for, and gone into the possession of the servient tenement raises no question about the servitude on the part of the dominant tenant, up to the time of the sale, conveyance to and possession by defendants.

—Citing Zell v. Univ. Society, 119 Pa. 402; Memmert v. McKeen, 112 Pa. 315; Pierce v. Cleland, 133 Pa. 189; Eby v. Elder, 122 Pa. 342; Ellis v. Academy, 120 Pa. 608, the court concluded:

[The right of defendants here does not depend upon a reservation. If it did, they must fail, because there is none, but it is implied from its visible existence and use at the time of sale. The fact that Duffy owned both buildings, does not change the rule. While he remained the owner, the way in use was not a technical easement. It was, however, an easement in everything but its name. Sold under these circumstances, the plaintiff was not an innocent purchaser. He saw or is presumed to have seen it, and gauged his price accordingly. The way existed then, and it will remain as long as the building lasts, to be used just as it was used before.] [14]

Plaintiff has asked the court to answer the following points:

## Decision of Court below.

1. The evidence being undisputed that the defendants have a means of reaching the public street over, upon, or through their own building, at reasonable expense, a way by necessity did not arise by implication of law at any time, and judgment should be rendered in favor of plaintiff.

Answer: This point is not affirmed.[1]

2. That Charles Duffy having made an absolute, unqualified grant of the servient tenement, containing covenants of warranty by metes and bounds, to Charles Geible, plaintiff, by deed dated October 2, 1879, without any express reservation of an easement, the law did not imply a reservation in favor of the dominant tenement, there being no designated, permanent easement, nor strict necessity for one in this case.

Answer: This point is not affirmed.[2]

3. The alleged easement or hallway, claimed in this case, belongs to that class designated as discontinuous easements, and was extinguished when Duffy sold to Geible, and did not attach to the property of the plaintiff by implication of law or otherwise.

Answer: This point is not affirmed.[3]

4. The evidence in this case established the fact that the easement claimed by defendants was a mere temporary arrangement for the accommodation of tenants; and when Duffy sold to plaintiff he intended an entire separation of the two properties.

Answer: This is not affirmed.[4]

5. No easement was created or existed when Duffy owned the two tenements; and, having sold the one to the plaintiff Geible, by warranty deed, without an express reservation, Duffy, or his vendees, could not impose an easement or servitude in favor of the dominant tenement on Geible's property by implication of law, because the undisputed evidence is that Duffy at the time of sale said he sold from centre of the Ruff wall to the centre of the partition wall, and that included all; and Duffy not having claimed such a way or easement, defendant's rights could rise no higher than his. To raise an easement, under such circumstances, would operate as a fraud on Geible, who parted with his money on the belief that he bought what his deed called for and Duffy declared he sold, and judgment should be rendered for plaintiff.

Decision of Court below.

Answer: This point is not affirmed.[5]

6. Charles Duffy, at the time he sold the servient tenement to Charles Geible by warranty deed, dated October 2, 1879, expressly waived his right to claim an easement over the part conveyed, as the testimony of Geible and Duffy clearly shows. That such a waiver at the time that he should have spoken, if he ever intended to claim it, is in law an extinguishment of the easement; and neither Duffy nor his vendee, Smith, can now claim an easement on the part owned by Geible, and judgment should be for plaintiff.

Answer: This point is not affirmed.[6]

7. From all the evidence adduced in this case, judgment should be entered in favor of the plaintiff for such damages as the proofs warrant.

Answer: This point is not affirmed.[7]

The defendants ask the court to answer the following points:

1. That Charles Duffy was the owner of the property of both parties hereto; that he built both buildings under one general plan.

Answer: This is affirmed.

2. That this plan and the construction of the buildings provided a way over and across the plaintiff's building as now used, and was the only way provided for reaching the second story of defendant's house.

Answer: This is affirmed.

3. That the way constructed at the time of the erection of the buildings and as parts thereof, was a studded, lathed and plastered partition, some three feet wide, extending unobstructed north and south clear across both buildings, pierced on each side with doors opening into rooms on each side thereof, into both buildings, and that there was no other means provided in the plan or construction of the buildings, by which the upper rooms in either building could be reached.

Answer: This is affirmed.

4. That these buildings were erected as one by Mr. Duffy in 1878, 1879, when the hall as now used was also made by him for the use of said buildings.

Answer: This is affirmed.

5. That the plaintiff got title in 1879; the defendants in 1890; that no reference, exception, reservation or anything else relative to the way, is made in either deed.

Decision of Court below.

Answer: This is affirmed.

6. That ever since the construction of these buildings, the way through and along the hall has been used by the owners, tenants, and other persons, which use was open, peaceable until recently, continuous, notorious; that the way thus used was also visible, permanent and easily seen by all, and that at the time of his purchase the plaintiff saw and knew of this way and the manner and purpose of its use, or should have seen it.

Answer: This is affirmed.

7. That the plaintiff, therefore, is presumed to have regulated the price according to the effect this way had upon the value of his purchase.

Answer: This is affirmed.[8]

8. That the way thus provided for was and is necessary to the reasonable use and enjoyment of the defendants' property, and that it has not been used for any other purpose.

Answer: This is affirmed.[9]

9. That the plan and its development contemplated and provided a continuous way from the pavement below, upon the party stairs, part being on Mr. Ruff's property, up to the second floor, and thence by the hall spoken of; and that these stairs were and yet are the only mode of reaching the upper floors of the plaintiff, defendants and Mr. Ruff. That the way, therefore, begins on the pavement, extends up the stairs to the hall, thence along the hall clear across the plaintiff's property, of the width as originally built and yet maintained.

Answer: This is affirmed.[10]

No notice of any arrangement in regard to the servitude having been brought to the attention of the defendants, other than what appeared in the records above cited, we are of opinion that Duffy's vendees had the right to use said stairway and halls, which he had at the completion of said buildings and up to the time of the sale and conveyance to defendants.

And now September 8, 1891, judgment for defendants for costs. Exception.[17]

—Judgment having been entered in favor of the defendants, the plaintiff took this appeal, assigning for error:

1–7. The answers to the plaintiff's points.[1 to 7]

8–10. The answers to the defendants' points.[8 to 10]

12, 14. The conclusions of law embraced in [ ] [12 14]

17. The entry of judgment for the defendants.[17]

*Mr. Lev. McQuistion* (with him *Mr. J. B. Bredin* and *Mr. J. C. Vanderlin*), for the appellant.

Counsel cited: Carbrey v. Willis, 7 Allen 364; Wheeldron v. Burrows, L. R. 12 Ch. D. 31; McDonald v. Lindall, 3 R. 492; Francies's App., 96 Pa. 206; Adams's App., 7 W. N. 86; Donald v. Mayor, 68 N. Y. 23; Barkley v. Sharp, 10 N. J. Eq. 207; Fetters v. Humphrey, 18 N. J. Eq. 260; Burns v. Gallagher, 62 Md. 462.

*Mr. S. F. Bowser, Mr. John M. Thompson* and *Mr. Wm. Thompson*, for the appellees, were not heard.

Counsel cited: Kieffer v. Imhoff, 26 Pa. 440; Goddard on Easem., 119; Washburn on Easem., 73; Mitchell v. Seipel, 53 Md. 251 (36 Am. Rep. 404); Goodal v. Godfrey, 53 Vt. 219 (38 Am. Rep. 671); Nichols v. Luce, 24 Pick. 102; Tracy v. Atherton, 35 Vt. 52 (82 Am. Dec. 621); Zell v. Univ. Soc., 119 Pa. 390; Cannon v. Boyd, 73 Pa. 179; Overdeer v. Updegraff, 69 Pa. 110; Pierce v. Cleland, 133 Pa. 189; McCarty v. Kitchenman, 47 Pa. 239.

OPINION, MR. JUSTICE STERRETT:

After some progress had been made in the trial, the parties by writing filed agreed to dispense with the jury, and submitted the decision of their cause to the learned president of the Common Pleas, who, after full hearing, found the facts, decided the questions of law arising thereon, and directed judgment to be entered in favor of the defendants for costs, which was accordingly done. The findings of fact and conclusions of law are fully set forth in the opinion. An examination of these, in connection with the evidence relating thereto, has satisfied us that there is no error in either that calls for a reversal of the judgment.

It is unnecessary to refer at length to the facts relating to the easement, etc., which is the subject of this contention. It appears, inter alia, that Charles Duffy, owner of a lot fronting thirty-four feet on South Main street, in the borough of Butler, improved the same in 1878, by erecting on the front thereof a two-story brick building, divided by a wall extending from

foundation to roof. The first story was arranged for two separate store-rooms ; the second, for other purposes. In erecting these buildings, Duffy, in connection with Ruff, who owned the adjoining lot on the north, constructed a stairway, with hall at the head thereof, for the purpose of reaching the second story of their respective buildings, each contributing to the space necessary for that purpose. That stairway and hall, and a hall leading therefrom, across the second story of Duffy's buildings to the south line thereof, were continuously used by the tenants of the second-story rooms, as their only means of ingress and egress, from the time the buildings were completed until the bringing of this suit. No other provision was ever made for reaching the second story of either of the buildings.

In 1879, after completion of the buildings, Duffy sold and conveyed to plaintiff the store-room or building on the northerly side of the lot and adjoining Ruff, on which said stairway and halls were constructed. Plaintiff thereupon went into possession, and never questioned the right to use said stairway and halls for the purpose of ingress and egress to and from the second story of the other building, until after the same was purchased by and in the possession of the defendants, to whom Duffy conveyed in 1890. From the completion of the buildings in 1879, until after defendants purchased and went into possession of the southerly building, the "union" stairway, as it is called by the court below, and halls, were continuously, openly, and peaceably used by all the occupants of the two buildings. With full knowledge of the easement or servitude thus imposed upon the northerly part of the lot, for the common use and benefit of both buildings, the plaintiff purchased and took possession of the same. With like knowledge, and with no notice, actual or constructive, to the contrary, defendants bought and went into possession of the southerly building. In such circumstances, the plaintiff is not in a position to question the right of defendants to use the stairway and halls ; and, on principle as well as authority, the learned judge was right in so holding.

It is well settled that, on the conveyance of several parcels of land, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents of property which have been created or used by the vendor

during the unity of possession, though they could not then, from his general ownership, have a legal existence : Washb. on Easem., 73 ; Godd. on Easem., 119. Where a continuous and apparent easement or servitude is imposed by the owner of real estate on a part thereof for the benefit of another part, the purchaser at private or judicial sale, in the absence of an express reservation or agreement, takes the property subject to the easement or servitude: Cannon v. Boyd, 73 Pa. 179; Overdeer v. Updegraff, 69 Pa. 110; Zell v. Univ. Soc., 119 Pa. 390 ; Pierce v. Cleland, 133 Pa. 189.

Further comment is unnecessary. Neither of the specifications is sustained.

Judgment affirmed.