## Grace Methodist Episcopal Church *v.* Dobbins, Appellant.

*Easement—Projecting cornice—Title by prescription.*

Where the projection of a cornice over another's land is apparent and continuous for more than twenty-one years, an easement will be acquired by prescription. And this is so although the titles to both premises were in the same owner during the twenty-one years, but not concurrently.

*Alienation of lands subject to easement.*

Where an owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be.

An owner of two lots built on one of them a house, the cornice of which projected over the other lot. Subsequently the owner sold the house and the land on which it stood. By subsequent conveyances the title to the other lot came to plaintiff, and the title to the house afterwards

came back to the original owner, defendant in this proceeding. *Held,* that the right to maintain the cornice could not be controverted by the grantor or those succeeding to his title.

Argued Jan. 10, 1893. Appeal, No. 38, July T., 1892, by defendant, Richard J. Dobbins, from decree of C. P. No. 3, Phila. Co., Sept. T., 1891, No. 758, on bill in equity. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Bill to compel removal of cornice from building.

The facts appear by the opinion of the Supreme Court. In 1881 the house and cornice again became vested in appellant.

The case was heard on bill and answer, and the court entered the following decree:

" And now, April 2, 1892, the above case having come on at this term of court for further hearing upon bill and answer, it is hereby adjudged and decreed as follows:

[" That the said defendant, Richard J. Dobbins, do forthwith remove or cause to be removed from the southern party-wall of his said house, described in plaintiff's bill, the said cornice which projects over and upon the therein described lot of the plaintiff.] [2]

[" That the said defendant, Richard J. Dobbins, be restrained and enjoined from further continuing to maintain said cornice on the said party-wall of said house described in plaintiff's bill filed.] [3]

[" That the said defendant, Richard J. Dobbins, pay the costs of the action."] [4]

*Error assigned* was (1) above decree; (2–4) above portions of decree, quoting them respectively.

*Elias P. Smithers,* for appellant.—The evidence was sufficient to establish the right to the cornice, as an easement by prescription: Strickler v. Todd, 10 S. & R. 63; Garrett v. Jackson, 20 Pa. 331; Okeson v. Patterson, 29 Pa. 22; Jones v. Crow, 32 Pa. 398; Demuth v. Amweg, 90 Pa. 181; Gehman v. Erdman, 105 Pa. 371; Messinger's Ap., 109 Pa. 285; Wallace v. Church, 111 Pa. 164. Where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement or portion sold with all the benefits and burdens which appear at the time of

the sale to belong to it, as between it and the property which the vendee retains: Washburn; Easements, *50; Seibert v. Levan, 8 Pa. 383; Keiffer v. Imhoff, 26 Pa. 438; Cannon v. Boyd, 73 Pa. 179; Pierce v. Cleland, 133 Pa. 189.

*J. Martin Rommel, James M. West* with him, for appellee.— As appellant was the owner of both of the tracts in question within twenty-one years prior to the filing of the bill in this case, the question of right by prescription does not arise.

The law does not require that such an appurtenance should be absolutely necessary, but it does require that it be necessary for the convenient use of the property. A pure matter of convenience is not sufficient: Zell v. Universalist Society, 119 Pa. 398; Francies' Ap., 96 Pa. 200; Howell v. McCoy, 3 Rawle, 256; Phillips v. Phillips, 48 Pa. 185; Adams's Ap., 7 W. N. 86.

OPINION BY MR. JUSTICE MITCHELL, February 20, 1893:

The house was built in 1869 and this bill was not filed until 1891. For more than twenty-one years the projection of the cornice over the complainant's land was apparent and continuous. There was lacking therefore no element of a conclusive presumption in appellant's favor, and his title by lapse of time was complete.

But independent of the presumption from continuous adverse user, the appellant's title was good against the complainant. The latter never had any title except subject to the former's easement. The house was built in 1869 by Dobbins who was then the owner of both lots. In 1871 he sold the house and the land on which it stood to Morris, the cornice in question projecting over the land which the grantor retained. By subsequent conveyances the title to the land so retained came to the present appellee. Unless therefore Dobbins the grantor could have maintained this bill against his grantee Morris immediately after his conveyance in 1871, the present complainant who holds only Dobbins's title subsequent to the conveyance, cannot maintain it now against the holder of Morris's title. It is of no consequence that the house with its cornice has come back to Dobbins. Before it did so he had parted with the other lot and it had come to complainants, so that there never was since 1871 a concurrent possession by Dobbins

of both lots, from which a merger or a new starting point for the creation of the easement can be raised.    He is in now not by his own prior title but by the title which accrued to Morris in 1871, and that includes the easement as to the cornice.

The law on this subject is settled beyond question.    Where an owner of land subjects part of it to an open, visible, permanent, and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be.    This is the general rule founded on the principle that a man shall not derogate from his own grant.    The rule is stated in Gale on Easements half a century ago, quoted with approbation by Chief Justice GIBSON, in Seibert v. Levan, 8 Pa. 383; by Chief Justice LEWIS, in Kieffer v. Imhoff, 26 Pa. 438; and expressly made the basis of decision in Phillips v. Phillips, 48 Pa. 178.    The cases in which the subject has most frequently come before this court, are those in which the grantor has conveyed the servient tenement, and the question has been whether the purchaser took subject to the easement remaining in the estate of the grantor, Overdeer v. Updegraff, 69 Pa. 110, and the rule has been uniformly held to be as above stated.    Its enforcement would be à fortiori where the vendee purchases the dominant land, as in the present case.    That is conceded even in the modern English cases which question the universality of the rule.    See Suffield v. Brown, 4 De G. J. & S. 185, and the comments on it in Goddard's Law of Easements, Bennett's ed. 118.    How far the question of necessity enters into the creation of such an easement we need not discuss.    The cornice was a substantial and permanent part of the house as it existed when conveyed, and the right to maintain it cannot be controverted by the grantor or those succeeding to his title.

Decree reversed and bill dismissed with costs.