# Ormsby *v.* Pinkerton, Appellant.

*Easement—Conveyance—Real estate.*

Where a continuous and apparent easement or servitude is imposed by the owner of real estate on a part thereof for the benefit of another part, and the respective portions are subsequently conveyed to different persons, the purchaser of the servient property, in the absence of an express reservation or agreement on the subject, takes it subject to the easement or servitude thus imposed.

Argued Jan. 3, 1894. Appeal, No. 434, Jan. T., 1893, by defendant, Robert D. Pinkerton, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1891, No. 197, on verdict for plaintiff, Henry G. Ormsby. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for breaking down gate in line fence between plaintiff's and defendant's properties. Before FINLETTER, P. J.

At the trial, it appeared that plaintiff owned a house fronting on Wheat street, and that defendant owned a house fronting on Lancaster street. The lots of the two houses adjoined on the rear, and were separated by a partition fence. Both parties claimed title from J. S. C. Klinger.

Defendant claimed that whilst the title to the two properties was in Klingler's name, and for many years before he parted

with his title thereto, he placed a hydrant on the lot occupied by the Wheat street house, for the joint use of that and the Lancaster street property; that the occupants had access to the hydrant by an open gateway in the fence between the two properties, and that, in November, 1868, when he conveyed the Lancaster street property to defendant, the hydrant was still on the Wheat street lot, and that the occupants of the Lancaster street property had access to and used said hydrant, having access thereto through the gateway in the partition fence up to the present time, except for a period of a few years, when the appellee caused the gate to be closed.

Defendant's counsel made the following offer: "I have eight or ten witnesses who were tenants of Mr. Pinkerton's house, who had occasion to use that gate, and who had occasion to use that alleyway before and after for a period of twenty-one years. I propose to prove that when Mr. Pinkerton bought the property, the gate in the fence between his property and that of the plaintiff was open and used for years before and years afterwards by the tenants of Mr. Pinkerton's property; that the hydrant was in the plaintiff's yard, and that the defendant used it." Offer overruled and bill sealed. [1]

The court gave binding instructions for plaintiff. [2]

Verdict and judgment for plaintiff for $7.00.

*Errors assigned* were (1) ruling on evidence, (2) instructions; quoting bill of exceptions and instructions.

*Joseph S. Goodbread,* for appellant, cited: Strickler v. Todd, 10 S. & R. 63; Garrett v. Jackson, 20 Pa. 331; Okeson v. Patterson, 29 Pa. 22; Jones v. Crow, 32 Pa. 398; Demuth v. Amweg, 90 Pa. 181; Gehman v. Erdman, 105 Pa. 371; Messinger's Ap., 109 Pa. 285; Wallace v. Church, 111 Pa. 164; Church v. Dobbins, 153 Pa. 294; Bennett v. Biddle, 140 Pa. 396; Same v. Same, 150 Pa. 420; Geible v. Smith, 146 Pa. 276.

*Samuel E. Cavin,* for appellee, offered no argument and filed no paper-book.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 15, 1894:

By agreement of parties, all title papers relating to the lots

in question were put in evidence, but we have not been furnished with copies thereof. It is conceded, however, that there is nothing in the chain of title to either lot that imposes any servitude on plaintiff's lot for the benefit of defendant's adjoining lot,—nothing that gives the latter any right of way into or over plaintiff's premises, or any right to maintain a gate in the partition fence between said lots for the purpose of access to the hydrant on plaintiff's property, or for any other purpose ; but it is contended by defendant that, prior to January 8, 1858, when both lots belonged to Klingler, and for many years before he parted with his title thereto, he placed a hydrant on the Wheat street lot, now owned by plaintiff, for the joint use of that and the Lancaster street lot; that in November, 1868, when Klingler conveyed said last mentioned lot to defendant, and for many years prior thereto, the occupants thereof used said hydrant and had access thereto through a gateway in the partition fence, and for many years thereafter continued to so use and enjoy the same ; and thus a visible and continuous servitude became imposed upon the Wheat street lot for the benefit of the owner and occupants of the Lancaster street lot.

It appears that the gateway referred to had been securely closed, and the alleged trespass consisted in breaking it open so as to afford access to the hydrant, etc. The act of breaking was clearly established by the plaintiff. The defendant himself was called for that purpose, and testified in substance that, about a year before, he cut a gate through the fence between his property and plaintiff's, where there had always been a gate to his knowledge ; that the gate had been boxed up, and that was the reason he " went there with an axe and broke it down, under the advice of counsel." In the absence of evidence to justify this admitted act of the defendant, there was no error in directing the jury to find for the plaintiff ; but, for the purpose of showing that he had a right to do what he did, defendant offered to prove the several matters recited in the first specification ; and the question is whether the learned trial judge was right in excluding the proposed testimony. We think not. For the purposes of this question, we must assume that defendant was prepared to prove and would have proved substantially everything contained in his offer. He had a right to show, by witnesses who, from time to time, were tenants of his property

and who had occasion to use the gate and the alley-way on plaintiff's lot, "before and after a period of twenty-one years," that, when he "bought the property, the gate in the fence between his property and that of the plaintiff was open and used for years before and years afterwards by the tenants ; . . . . that the hydrant was in plaintiff's yard and defendant used it."

It is well settled that a servitude or easement such as that claimed by the defendant may be created otherwise than by express provision in deed of conveyance : Bennett v. Biddle, 140 Pa. 396 ; Same v. Same, 150 Pa. 420 ; Geible v. Smith, 146 Pa. 276 ; Grace Church v. Dobbins, 153 Pa. 294, and cases there cited. In Geible v. Smith, supra, it was held that where a continuous and apparent easement or servitude is imposed by the owner of real estate on a part thereof for the benefit of another part, and the respective portions are subsequently conveyed to different persons, the purchaser of the servient property, in the absence of an express reservation or agreement on the subject, takes it subject to the easement or servitude thus imposed.

It may be that the defendant's testimony will fall far short of his offer. If so, a reversal of the judgment will profit him nothing ; but, as the case is presented to us, we think he is at least entitled to an opportunity of presenting his testimony. The first specification of error is sustained.

Judgment reversed and a venire facias de novo awarded.