## Annie S. Koons, Appellant, v. James F. McNamee.

*Easement—Prescription does not run pending unity of titles.*

There can be no adverse user upon which to base a prescription of easement while the title to the properties is held by a single owner, for no man can have an easement in his own property.

*Easements founded upon grant subject to permanent, visible service.*

Where the owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be. This is founded on the principle that a man shall not derogate from his own grant, and its enforcement is a fortiori where the vendee purchases the dominant land.

*Easements whether apparent and continuous—Question for jury.*

Whether an easement or servitude is apparent, continuous or the contrary, involves questions of fact resting in parol which, when the facts are in dispute, is for the jury, the court cannot reserve to itself the power to decide them.

*Practice, C. P.—Reservation of point of law—Province of court.*

Where a point of law is reserved, the facts out of which it arose must be stated on the record; the court cannot draw inferences of fact from the evidence. It must be a pure question of law—such as rules the case,—not a mixed question of law and fact.

Where there has been an improper reservation the case will be sent back for a new trial, in order that the facts may be found by the jury or distinctly put on the record in some other recognized way.

Argued Oct. 22, 1897. Appeal, No. 131, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1896, No. 703, in favor of defendant, on verdict for plaintiff, subject to point of law reserved as to whether the plaintiff could recover. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Reversed.

Trespass for cutting off the water and drain pipe which flowed through defendant's property. Before AUDENREID, J.

The facts sufficiently appear in the opinion of the court.

The court below directed the jury to render a verdict for the plaintiff for $104, subject to a point of law reserved as to whether the plaintiff could recover. Judgment was subsequently entered on the point of law reserved in favor of defendant, non obstante veredicto.

*Error assigned* was entry of judgment for defendant on the point of law reserved non obstante veredicto.

*J. H. Grater*, for appellant.—It is well settled doctrine in this state that a permanent right established by the owner over his property, necessary for its convenient use, will not be destroyed by his sale or his incumbrance : Railroad Co. v. Jones, 50 Pa. 417.

Easements which are apparent and continuous are not merely those which must necessarily be seen, but those which may be seen or known on a careful inspection by a person ordinarily conversant with the subject: Kieffer v. Imhoff, 26 Pa. 438.

The appellant was entitled to the use of the water and drain through appellee's property, as the servitude was imposed by his grantor, and was continued for upwards of twenty-one years. An easement by prescription was created by appellee's vendor.

*James P. Gourley*, for appellee.—The purchaser of an alleged servient estate does not take it subject to an easement not apparent nor mentioned in the deed, unless he had notice. He is not bound to make inquiries of adjoining owners, nor

make an examination of adjoining premises: McKinney v. McCollough, 42 L. I. 414.

A mere permissive occupation of land is revocable at pleasure, and cannot be made the basis of a claim of adverse user. Whatever right therefore the licensee may have under such circumstances is extinguished the instant the title is transferred to another: Stille v. Simes, 16 Phila. 110.

OPINION BY RICE, P. J., February 19, 1898:

The plaintiff is the owner of two lots of ground on Palethorp street in the city of Philadelphia, and the defendant is the owner of a lot on Second street abutting on the plaintiff's lots. Both these properties were originally owned by John McNulty. The plaintiff acquired her title in 1884 from the purchaser at sheriff's sale under a judgment on a mortgage given by John McNulty in 1879. The defendant acquired his by deed from the heirs of John McNulty in May, 1891.

In 1874 or 1875, Mr. McNulty built two houses on the Palethorp street lots, and from that time until the commission of the trespass for which this suit was brought, they were supplied with water carried by a pipe from the main on Second street through the lot now owned by the defendant. For the same period the drainage from the roofs and water closets of the Palethorp street houses was conducted into a well on the same, and thence into a larger well, separated only by a wall, on the defendant's lot, which was connected with the sewer on Second street by a terra cotta pipe. It is alleged that there is no water main or sewer on Palethorp street.

In May, 1896, the defendant shut off the flow of water to the plaintiff's premises, and also stopped the drain therefrom by filling up the well upon his own premises. Hence this suit.

At the conclusion of the testimony the trial judge instructed the jury as follows: "The only question in this case is a question of law. That question is as to whether or not, under the evidence which has been adduced, the plaintiff has established her right to the easement, for the interference with which she now claims to be damaged. I will reserve that question, and with that point reserved, I direct you to find a verdict in favor of the plaintiff for the sum of $104, the sum agreed on by the parties." Subsequently the court entered judgment for the defendant non obstante veredicto. No opinion was filed.

The contention that the plaintiff has an easement by prescription, in its strict sense, cannot be maintained, for the reason that there could be no adverse user while the title to the properties was held by a single owner; and the period of time after their severance in title, even dating from the giving of the mortgage, was not sufficiently long for the creation of an easement in that way.

"It is true that, strictly speaking, a man cannot subject one part of his property to another by an easement, for no man can have an easement in his own property, but he obtains the same object by the exercise of another right, the general right of property; but he has not the less thereby altered the quality of the two parts of his heritage; and if, after the annexation of peculiar qualities, he alien one part of his heritage, it seems but reasonable, if the alterations thus made are palpable and manifest, that a purchaser should take the land burthened or benefited, as the case may be, by the qualities which the previous owner had undoubtedly the right to attach to it:" Gale's Law of Easements, 52. This doctrine as to implied easements, not of strict necessity, has also been stated in this way: "Yet where an owner of property has so used one portion of it that he has impressed upon it in favor of another portion what would be, were the portions in different ownerships, a servitude, then upon a conveyance of the former portion an easement will be granted to the vendee, where the use has been of such character that an easement resulting from it would be of the class known as continuous and apparent:" 4 Sharswood and Budd's Leading Cases on Real Property, 133, 134. A distinction has been drawn in the modern English cases between an implied grant and an implied reservation, but the general principle as above stated, as far at least as it relates to the implication of a grant, is too well settled by authority to require discussion. In one of the recent decisions of our Supreme Court it is said: "The law on this subject is settled beyond question. Where an owner of land subjects part of it to an open, visible, permanent, and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be. This is the general rule founded on the principle that a man shall not derogate from his own grant. The rule is stated in Gale on Easements

half a century ago, quoted with approbation by Chief Justice GIBSON in Seibert v. Levan, 8 Pa. 383; by Chief Justice LEWIS in Kieffer v. Imhoff, 26 Pa. 438; and expressly made the basis of the decision in Phillips v. Phillips, 48 Pa. 178. The cases in which the subject has most frequently come before this court, are those in which the grantor has conveyed the servient tenement, and the question has been whether the purchaser took subject to the easement remaining in the estate of the grantor: Overdeer v. Updegraff, 69 Pa. 110, and the rule has been uniformly held to be as above stated. Its enforcement would be a fortiori where the vendee purchases the dominant land, as in the present case. That is conceded even in the modern English cases which question the universality of the rule:" Grace Church v. Dobbins, 153 Pa. 294. In addition to the cases cited in the foregoing opinion, the following may be mentioned as recognizing and applying the general principle: Zell v. Universalist Society, 119 Pa. 390; Geible v. Smith, 146 Pa. 276; Ormsby v. Pinkerton, 159 Pa. 458; Sharpe v. Scheible, 162 Pa. 341; Held v. McBride, 3 Pa. Superior Ct. 155, and the cases there cited. The rule applies to purchasers at judicial, as well as private sales: Zell v. Universalist Society, supra. It will be observed that the implication of a grant in the class of cases above cited, and to which this belongs, rests not upon strict necessity but upon a different principle. How far necessity or great convenience enters into the question in cases of this class is thus stated in Phillips v. Phillips, 48 Pa. 178: "It is not to be understood by this doctrine that any temporary convenience adopted by the owner of property is within it. By all the authorities it is confined to cases of servitudes of a permanent nature, notorious or plainly visible, and from the character of which it may be presumed that the owner was desirous of their preservation as servitudes, evidently necessary to the convenient enjoyment of the property to which they belong, and not for the purpose of mere pleasure." These general principles apply to all kinds of apparent and continuous servitudes imposed by the owner upon one portion of his land for the benefit of another portion, and of course drains and water pipes are not excluded from the operation of the rule. Indeed, in the leading case of Nicholas v. Chamberlain, Cro. Jac. 121, it was held "that if one erects a house and builds a conduit thereto in

another part of his land, and conveys water by pipes to the house, and afterwards sells the house with the appurtenances, or sells the land to another reserving to himself the house, the conduit and pipes pass with the house." This has been used as an illustration of the general principle in several of our own cases.

An examination of the evidence, in the light of these general principles, shows, that the question whether the plaintiff had an easement of drain and water pipe, or of either, in the defendant's premises could not be reserved and decided as a pure question of law.

Whether an easement is apparent and continuous or nonapparent and noncontinuous involves questions of fact resting in parol, which, under the evidence in the present case, were for the jury to decide under proper instructions as to the law. Where the essential facts have not been found by a jury, or agreed upon by the parties, and are in dispute, as in the present case, the court cannot reserve to itself the power to decide then. For example, there is some evidence tending to show, that, owing to the fact that there is no water drain or sewer on Palethorp street, the easement claimed was necessary, or, at least, greatly convenient to the reasonable enjoyment of the dominant tenement. If this be the fact it would have an important bearing (even if it were not conclusive) upon the intention of the owner in connecting the Palethorp street houses with the drain and sewer on Second street. See Phillips v. Phillips, supra. Again it is alleged by the plaintiff,—we do not assume to say it is the fact,—that, not only might the drainage connection between the dominant and the servient tenements have been seen by any one inspecting the latter, but also that the defendant had actual knowledge before he purchased the Second street property that the Palethorp street houses were supplied with water, and drained, in the way described. What is the fact? It has not been found by the jury, and has not been put on the record in the reserved point. We need not go further into the evidence for the purpose of pointing out other questions of fact which arose, or might arise in such a case. We have referred to these simply for illustration, and enough has been said to show, that the question, whether the plaintiff, under the "evidence adduced," (which must mean

all the evidence) has an easement in the defendant's land, was not a pure question of law.

Where a point of law is reserved the facts out of which it arose must be stated on the record; the court cannot draw inferences of fact from the evidence. It must be a pure question of law—such as rules the case—not a mixed question of law and fact. A question has been raised as to the propriety of reserving the question "whether there is any evidence in the case to be submitted to the jury upon which the plaintiff is entitled to recover" (Chandler v. Commerce Fire Ins. Co., 88 Pa. 223; Koons v. Tel. Co., 102 Pa. 164; Newhard v. R. R. Co., 153 Pa. 417; Yerkes v. Richards, 170 Pa. 346), but all the authorities, from Edmonson v. Nichols, 22 Pa. 74, to Yerkes v. Richards, supra, uniformly hold, that a verdict for a certain sum, subject to the opinion of the court whether upon the whole case the plaintiff is entitled to recover, does not authorize a judgment for the defendant non obstante veredicto; the facts must be admitted of record or found by the jury: Irwin v. Wickersham, 25 Pa. 316; Wilson v. The Tuscarora, 25 Pa. 317; Winchester v. Bennett, 54 Pa. 510; Wilde v. Trainor, 59 Pa. 439; Ferguson v. Wright, 61 Pa. 258; Campbell v. O'Neill, 64 Pa. 290—a case directly in point—Com. v. McDowell, 86 Pa. 377; Miller v. Bedford, 86 Pa. 454; Printing Co. v. Rice, 106 Pa. 623; Buckley v. Duff, 111 Pa. 223; Henry v. Heilman, 114 Pa. 499; Moore v. Copley, 165 Pa. 294; Shelly v. Dampman, 1 Pa. Superior Ct. 115; Ginther v. Yorkville, 3 Pa. Superior Ct. 403.

In any view of the case the judgment non obstante veredicto must be reversed; but whether we ought now to enter judgment for the plaintiff on the verdict or to send the case back for a retrial is a question of practice not free from difficulty. Without, however, undertaking to lay down a general rule upon the subject we are of opinion that under the special circumstances of the case it should be treated as an improper reservation and not as an absolute nullity, and that, following Bank v. Earley, 115 Pa. 359, the case should be sent back for a retrial, in order that the facts may be found by a jury, or distinctly put on the record in some other recognized way. See also Wilde v. Trainor, 59 Pa. 439.

Judgment reversed and venire facias de novo awarded.