## Eshleman. Appellant, *v.* Parkesburg Iron Company.

*Deeds—Recording acts—Notice—Duty of inquiry—Diversion of water—Waters—Easement.*

Where a person purchases land through which runs a stream with full notice of the existence of a dam on the land of an upper riparian owner, which diverted the waters of the stream, it is his duty to inquire as to the source of the right to divert the water, and if he failed to make such inquiry, when by reason thereof he could have learned that the right existed by an unrecorded agreement between the upper riparian owner and a person who owned both tracts at the date of the unrecorded agreement, he cannot maintain an action of trespass against the upper riparian owner for the diversion of the waters of the stream.

Argued Feb. 6, 1912. Appeal, No. 141, Jan. T., 1911, by plaintiff from judgment of C. P. Chester Co., Aug. T., 1910, No. 92, on verdict for defendant in case of John L. Eshleman v. The Parkesburg Iron Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for diversion of the water of a stream.

At the trial the court gave binding instructions for defendant, and the jury rendered a verdict for the defendant.

On a rule for a new trial HEMPHILL, P. J., filed the following opinion:

The plaintiff seeks a new trial because of binding instructions given the jury to render a verdict in favor of defendant—alleging such instructions erroneous.

No relevant or material facts are in dispute. The lands (a large tract in the borough of Parkesburg) and stream out of which this controversy arises, were originally owned by Samuel D. Parke, who on December 11, 1889, entered into a written agreement with Horace A.

Beale, representing the defendant company for the sale of "a certain plot of ground and water rights" therein described. This agreement has never been recorded.

By deed dated July 11, 1890, and recorded September 5, 1890, Samuel D. Parke conveyed to A. H. Potts, plaintiff's predecessor in title, a lot or plot of ground, through which said stream flows, and which plaintiff alleges is injured by depletion of same by defendant company, and is the cause of this action.

On September 11, 1890, the said Parke in pursuance of his agreement of December 11, 1889, with defendant conveyed by deed the plot of ground and water rights therein described.

On August 20, 1891, W. J. Latta and wife, by deed conveyed to the defendant company a tract of land (originally part of the Parke tract) on said stream and higher up on same, than the lots of plaintiff and defendant above referred to.

Upon this tract, the defendant erected a dam and intake, laid its pipes, partly along Church street in said borough and into defendant's property; and early in 1893 diverted the water to its works, where it has made use of the same ever since; returning it to its original channel below plaintiff's lot.

Dr. T. Frank Windle purchased the Potts tract April 4, 1910, and conveyed a one-third (1-3) interest in the same to plaintiff May 7, 1910.

The creation of this easement and its use, was a matter of general knowledge among the citizens, for the dam and intake are plainly visible from one of the most public and traveled streets of the town; and it is undisputed that the plaintiff, his co-tenants and all their predecessors in title had full knowledge of its existence and use; but the plaintiff had no knowledge of how or by what authority it had been created, nor did he make inquiry or endeavor to ascertain.

The dam, intake and diversion of the stream being open, plain and visible to every passer-by; and plaintiff

moreover having had actual knowledge of its existence and continuance for many years, should have made inquiry as to when and how the easement was created and its extent and not having done so, took his lot subject to the burdens it imposed.

"The law on this subject is settled beyond question," says Justice MITCHELL in Grace M. E. Church v. Dobbins, 153 Pa. 294, "Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be."

See also Manbeck v. Jones, 190 Pa. 171, and Liquid Carbonic Co. v. Wallace, 219 Pa. 458.

The plaintiff, however, contends that this rule is not applicable to him because he discovered in the chain of his record title, the deed of September 11, 1890, from Samuel D. Parke to defendant, conveying with a lot of ground the water right in question, and that further examination and inquiry was therefore unnecessary.

But that deed also disclosed to the plaintiff the fact, that the easement on the Potts tract could not have originated from or been created by that conveyance, because it had been aliened by deed to Potts on July 11, 1890, recorded September 5, 1890.

It therefore behooved the plaintiff to make further inquiry to learn by what right, if any, his (the Potts) tract became or was made subject to the servitude that he saw and knew and had been exercised over and upon it continuously for very many years. Had he made such inquiry of either the common grantor or defendant he would have learned of the agreement of December 11, 1889.

Having failed or neglected so to do he comes within the ruling of the Supreme Court above referred to and took his land cum onere.

The rule must therefore be dismissed.

*Error assigned,* was in giving binding instructions for defendant.

*J. Frank E. Hause,* for appellant.—There was no duty of inquiry: Woods v. Farmere, 7 Watts 382; Plumer v. Robertson, 6 S. & R. 179; Dickinson v. Beyer, 87 Pa. 274; Lance v. Gorman, 136 Pa. 200; Piro v. Shipley, 211 Pa. 36.

*A. M. Holding,* with him *A. T. Parke* and *Alfred P. Reid,* for appellee.—The taking of water in this case was open, notorious, and visible to and was known by the plaintiff appellant at the time of his purchase of the land through which the stream flowed, and had been for years. It was not consistent with any record in the line of the appellant's title, or with anything he saw or knew of upon the record at or before the time of his purchase. Notwithstanding, he made no inquiry whatever as to the defendant's right therein or title thereto, and he is therefore bound by what he could have learned had he made such inquiry; and, had he made such, he would have learned that defendant's title ante-dated and was therefore superior to the title of Potts, his predecessor in title: Ives v. Cress, 5 Pa. 118; Stewart v. Freeman, 22 Pa. 120; Longwell v. Bentley, 23 Pa. 99; Reed v. Lukens, 44 Pa. 200; Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107; Elliott v. Insurance Co., 117 Pa. 548; Siter's App., 26 Pa. 178; Coolbaugh v. Ransberry, 23 Pa. Super. Ct. 97; Whistler v. Hershey, 23 Pa. 333; Hottenstein v. Lerch, 104 Pa. 454; Krider v. Lafferty, 1 Wharton 303; Raritan Water Power Co. v. Veghte, 21 N. J. Eq. 463; Com. v. Calhoun, 184 Pa. 629; Bird v. Smith, 8 Watts 434; Logan v. Neill, 128 Pa. 457; Grace M. E. Church v. Dobbins, 153 Pa. 294; Manbeck v. Jones, 190 Pa. 171; Liquid Carbonic Co. v. Wallace, 219 Pa. 457.

All the cases agree that the possession or use must be consistent with what is found upon the record: Randall

*v.* Silverthorn, 4 Pa. 173; Anderson v. Brinser, 129 Pa. 376.

PER CURIAM, March 18, 1912:
The judgment is affirmed on the opinion of the learned president judge of the common pleas discharging the rule for a new trial.