## Green v. Sbarske et al.

*Easement—Pipe line—Interference with easement—Injunction.*

1. Where an owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or benefits, as the case may be.

2. Defendants, the owners of three parallel and adjoining lots of ground lying next to a public road, sold the first lot, on which was erected a store building, to Green. Across the three lots, and leading to the store building, the defendants had laid a pipe-line for the purpose of supplying the store with gas. Later the defendants sold the middle lot to Scott, "subject to an easement for said pipe-line." Still later, with the consent of Scott, but without the permission of Green, and against his wishes, defendants tapped the gas-line on the Scott lot and connected therewith another line for the purpose of carrying gas therefrom by a circuitous route to a new building erected by them on the opposite side of the road from the store building sold to Green: *Held*, that the tapping of the pipe-line by the defendants on the Scott lot constituted an unlawful interference with the easement or property right appurtenant to the lot sold by defendants to Green, and that equity would restrain them from using the tapped line for the purpose of supplying gas to their new store building.

Bill for injunction and case stated. C. P. Fayette Co., No. 1050, in Equity.

*Crow, Shelby & Tabor,* for plaintiff.

*A. E. Jones* and *Umbel, Robinson, McKean & Williams,* for defendants.

VAN SWEARINGEN, P. J., Feb. 27, 1923.—A bill in equity for an injunction was filed by plaintiff. Later, counsel agreed upon a case stated, which is now before the court. It is well understood that, in passing upon a controversy where there is a case stated, the court is confined to the statements of fact therein contained.

Defendants were the owners of three lots of ground in German Township, Fayette County, one of which lay parallel to and adjoining a public road, the other two lying immediately back of it. The lots may be designated for convenience, beginning with the one next to the road, as A, B and C. On lot "A" there was a store building. Across the three lots, and leading to the store building, the defendants had laid an inch pipe-line for the purpose of supplying the store with gas. By deed of Feb. 25, 1920, the defendants conveyed to the plaintiff, Harry Green, the whole of lot "A," with the store building erected thereon and the business conducted thereat, "together with rights of way, appurtenances, etc." Afterwards, lot "B" was sold by the defendants to Eliza Scott, "subject to an easement for said pipe-line." Still later, with the consent of Eliza Scott, but without the permission of Green and against his wishes, the defendants tapped the gas-line on the Scott lot and connected therewith another inch line for the purpose of carrying gas therefrom to a new building erected by the defendants on the opposite side of the road from the store which the defendants had sold to Green. The new pipe-line, as laid, did not cross nor touch the Green lot, but, by a circuitous route, led from the Scott lot through other lands and across the road to the new building of the defendants.

The questions submitted for the decision of the court are these:

1. Did the tapping of the pipe-line by the defendants on the Scott lot with Eliza Scott's consent constitute an unlawful interference with the easement or property right appurtenant to the lot sold by defendants to Green?

2. Will equity restrain the defendants, by injunction, from using the tapped line for the purpose of supplying gas to the new building of defendants?

It is agreed by counsel in the case stated that if the court shall determine these questions in the affirmative, then the court shall enter a decree in favor of the plaintiff, restraining the defendants, their servants, agents, employees, or any other person or persons acting for or under them, from using the gas flowing in and through the pipe-line across the lot of Eliza Scott and connecting with the property of the plaintiff; otherwise, the court shall enter a decree in favor of the defendants, and dispose of the costs.

We are of opinion that both the above questions must be determined in the affirmative. Lot "A" was conveyed by the defendants to the plaintiff with the appurtenances. The gas-line was an easement appurtenant to the Green property for the purpose of supplying the store building with gas. Lot "B" was sold by the defendants to Eliza Scott, subject to the easement for the pipe-line. The term "appurtenance" is used to signify something appertaining to another thing as principal, and which passes as an incident to the principal thing: Harris v. Elliott, 35 U. S. 25. Judge Pearson, in Dauphin County Treasurer v. St. Stephen's Church, 3 Phila. 189, said the word "appurtenant" signifies "belonging to or pertaining to of right." "One who purchases land with notice, actual or constructive, that it is burdened with an existing easement takes the estate subject to the easement, and will be restrained from doing any acts which will interfere with the benefit and enjoyment of the easement to the full extent to which the party having a right thereto, who has not parted with or impaired the same, was entitled at the time such purchaser bought. He has no greater right than his grantor to prevent or obstruct the use of the easement:" 19 Corpus Juris, 939, § 145. Eliza Scott had notice of the easement across her lot by her deed, which was made specifically "subject to an easement for said pipe-line." The consent of Eliza Scott, then, to the tapping of the gas-line by the defendants did not in any way affect the legal rights of the plaintiff. There is nothing in the case stated to show whether the tapping of the gas-line, by diminishing the flow of gas or otherwise, actually injured the plaintiff in any way or not. But the tapping of the line constituted an unlawful interference with the easement of the plaintiff.

"When an owner of land subjects part of it to an open, visible, permanent and continous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefits, as the case may be:" Grace Church v. Dobbins, 153 Pa. 294; Liquid Carbonic Co. v. Wallace, 219 Pa. 457; Eshleman v. Parkesburg Iron Co., 235 Pa. 439; Koons v. McNamee, 6 Pa. Superior Ct. 445. "Where a continuous and appurtenant easement or servitude is imposed by the owner of land on a part thereof for the benefit of another part, and the respective portions are subsequently conveyed to different persons, the purchaser of the servient property, in the absence of an express reservation or agreement on the subject, takes it subject to the easement or servitude thus imposed:" Geible v. Smith, 146 Pa. 276; Ormsby v. Pinkerton, 159 Pa. 458. These rules are founded on the principle that a man shall not derogate from his own grant: Grace Church v. Dobbins, 153 Pa. 294. And their enforcement is a fortiori where the grantee purchases the dominant land: Koons v. McNamee, 6 Pa. Superior Ct. 445. "Any one taking the servient tenement takes it subject to such easement, and if he attempts to interfere with its use, a court of equity has jurisdiction to restrain him:" Dzmura v. Gyurik, 41 Pa. Superior Ct. 398. As already stated, Eliza Scott had notice of the easement by her deed, whether the easement was apparent on the ground or not. If, then, the grantee of the servient tenement in the present case has no right to interfere with the easement,

3 D. & C.

Green v. Sbarske et al.

how much less can she give authority to the grantor to do so, and especially as against the grantor's grantee of the dominant estate?

And now, Feb. 27, 1923, by authority of the agreement of counsel contained in the case stated, and for the reasons set forth in the opinion herewith filed, it is ordered and decreed that an injunction issue, restraining the defendants, their servants, agents, employees or any other person or persons acting for or under them; from using the gas flowing in and through the pipe-line across the lot of Eliza Scott and connecting with the property of the plaintiff, and it is further ordered and decreed that the defendants pay the costs of this proceeding.

From Luke H. Frasher, Uniontown, Pa.