## Charles Fisher, Appellant, v. Abraham Scharadin.

*Practice, C. P.—Trial—Reservation of point.*

The question whether there be any evidence which entitles the plaintiff to recover is a good reservation, without a statement, upon the record, of the facts on which the point is based; and if the evidence be submitted to the jury, and there be a verdict for plaintiff, or if the court direct a verdict for plaintiff, the court can, on such a reservation, enter judgment for defendant non obstante veredicto.

186   565
187     5
186   565
191   101
186   565
198   354
198   491

186       565
21 SC  371
186       565
213       214
30 SC    91

186     565
224     403

186     505
225     482

Argued Feb. 16, 1896. Reargued Feb. 16, 1898. Appeal, No. 17, Jan. T., 1896, by plaintiff, from judgment of C. P. Schuylkill Co., for defendant non obstante veredicto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a lot of ground in West Brunswick township. Before ENDLICH, J., of the 23d judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

*Error assigned* among others was entering judgment for defendant non obstante veredicto.

*A. W. Schalck* and *J. W. Ryon,* with them *D. C. Henning,* for appellant.—In every case where a general verdict is given subject to a point reserved, the question of law thus reserved must be stated, and the fact on which it arises must be either admitted on the record or found by the jury: Yerkes v. Richards, 170 Pa. 346; Suter v. Findley, 40 W. N. C. 552; Inquirer Printing & Publishing Co. v. Rice, 106 Pa. 623; Irwin v. Wickersham, 25 Pa. 316; Ferguson v. Wright, 61 Pa. 258; Robinson v. Myers, 67 Pa. 18; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Winchester v. Bennett, 54 Pa. 510; Wilde v. Trainor, 59 Pa. 439; Elkins v. Ins. Co., 31 Pitts. Leg. Jour. 420; Miller v. Bedford, 86 Pa. 454; Smith v. Bank, 104 Pa. 518.

There is nothing upon the record to support the judgment, and hence it must be reversed: Keifer v. Eldred Twp., 110 Pa. 1; Miller v. Bedford, 86 Pa. 454; Patton v. Ry. Co., 96 Pa. 169; Chandler v. Commerce Fire Ins. Co., 88 Pa. 223; Buckley v. Duff & Sons, 111 Pa. 223; Fayette City Borough v. Huggins, 112 Pa. 1; Henry v. Heilman Bros., 114 Pa. 499; Moore v. Copley, 165 Pa. 294; Elkins v. Fire Ins. Co., 3 Penny. 367.

*George J. Wadlinger,* with him *N. Heblich,* for appellee.— Where no specific exception to the form of a reserved point is taken in the court below the Supreme Court will not consider it: Mohan v. Butler, 112 Pa. 591; Fulton v. Peters, 137 Pa. 613; Koons v. Union Tel. Co., 102 Pa. 169; Ins. Co. v. Ins. Co., 71 Pa. 31; Ginther v. Yorkville, 3 Pa. Superior Ct. 403; Suter v. Findley, 5 Pa. Superior Ct. 166.

Whether there is any evidence of a fact which ought to be submitted to the jury is a question of law which may be reserved: Chandler v. Ins. Co., 88 Pa. 223; Campbell v. O'Neill, 64 Pa. 292; Wilde v. Trainor, 59 Pa. 442; Koons v. Union Tel. Co., 102 Pa. 164; Newhard v. Pa. R. R., 153 Pa. 426.

OPINION BY MR. JUSTICE DEAN, July 21, 1898:

The plaintiff, on May 17, 1880, had entered in his favor a judgment for $829.95, against Valentine B. Shollenberger. On June 23, 1880, he issued fi. fa., and levied on the right, title and interest of Shollenberger in a lot of ground in West Brunswick township, Schuylkill county, having thereon erected a dwelling and other improvements. The property was condemned; no sale, however, was made. Afterward, on July 31, 1884, an alias fi. fa. was issued, and the same property levied and condemned; then a writ of ven. ex. was issued, and the property sold to Charles Fisher, this plaintiff, on November 17, 1884, to whom the sheriff same day acknowledged deed. Shollenberger and his family had entered into possession of the property in 1878, without objection from Abraham Scharadin, in whom was the legal title to the land. There was some evidence that Valentine Shollenberger, who was insolvent, had aided in part in putting up the buildings. But on April 1, 1879, Scharadin and wife conveyed the lot, not to Valentine, but to his son, Jacob Shollenberger, for the consideration of $100, then loaned to Jacob $300, and took a mortgage from him on the property for $400, as security for the purchase money and loan. Subsequently, Jacob became indebted to Scharadin in further sums of money, for which he took, on July 1, 1880, a judgment for $350.

The Watsontown planing mill, having supplied lumber and other material for building the improvements on the lot, filed a lien for same, naming Jacob as owner or reputed owner; the lien was for $342.78. Benneville & Company also obtained judgment against Jacob for $72.36. These last two claims, amounting to $425, Scharadin paid off and satisfied, he thus paying that much of Jacob's debts. Jacob was a young unmarried man, having a situation as clerk in Philadelphia, and it was alleged he was endeavoring to provide a home for his father and mother by purchasing the lot and improving it.

On July 16, 1880, Jacob, by power of attorney, reconveyed the property to Scharadin for the consideration of $750, made up by the mortgage and the debts paid by Scharadin. His father, Valentine, continued to occupy the property until December, 1882, when he gave up possession to James Diefenderfer, to whom it had been leased by Scharadin. In October, 1889, nearly five years after the date of his sheriff's deed, Fisher brought this ejectment against Scharadin. The case came on for trial before Judge ENDLICH, specially presiding, who, on the facts, directed a verdict for plaintiff, reserving a point: "Whether there is any evidence in this case entitling the plaintiff to recover." Afterwards, the court, in opinion filed, entered judgment for defendant on the point reserved. The plaintiff appeals, assigning six errors. Except the second, there is nothing of merit in any of them requiring discussion.

The second assignment raises the issue as to whether the reservation is a good one. It is argued that the question reserved is not one of law, but of fact.

Because of some conflict in the authorities, and with a view to a full and careful consideration of this question, of our own motion we ordered a reargument of this assignment before a full bench, and we now announce our conclusion.

On this subject, the learned judge of the court below says in his opinion on the point reserved: "1. It does not appear to be questioned by plaintiff's counsel that, in determining whether or not there was any evidence entitling him to recover, the evidence submitted by him is to be judged of in connection with the admitted facts in the case, and those established by undisputed evidence; and that, if these are of such a character as clearly to overcome the mere presumptions capable of arising upon the plaintiff's evidence standing alone, so as to reduce its force to a mere scintilla, it must be declared that there was no evidence warranting a recovery. This is not any inquiry whether under all the evidence the plaintiff is entitled to recover, or whether the evidence is sufficient to warrant a recovery. The inquiry is, whether there is any evidence beyond a scintilla in substantiation of plaintiff's claim. If there is not, there is no evidence capable of submission to a jury, and his claim must fall, not for insufficiency, but for want of evidence."

The court then goes on to show, and does show conclusively,

that defendant was entitled at the trial to a peremptory instruction in his favor. Now, why is not the reservation as to whether there is any evidence entitling the plaintiff to recover a question of law? It is conceded, the earlier cases, Clark v. Wilder, 25 Pa. 314, where the reservation was, "Whether, on the whole case, the plaintiff was entitled to recover," Wilson v. Steamboat Co., 25 Pa. 317, "Whether plaintiff, on all the evidence, was entitled to recover," and like cases; as also the late case of Yerkes v. Richards, 170 Pa. 346, "Whether there is any evidence in the case to be submitted to the jury upon which the plaintiff is entitled to recover," seem to sustain this assignment. But there are other cases which hold the contrary, such as Koons v. Telegraph Co., 102 Pa. 164, Newhard v. Railroad Co., 153 Pa. 417, and others. A close examination of all the cases running back fifty years shows that prior to Wilde v. Trainor, 59 Pa. 439, it was settled that such a reservation as the one in this case would not have been sustained; but in the case last cited, SHARSWOOD, J., says: "It may, no doubt, also be a pure question of law, whether there is any evidence at all to go to the jury on some fact essential to the plaintiff's case, or if the plaintiff's case is admitted or conclusively established on some fact essential to the defendant's defence . . . . The main object of a reserved point is to save the necessity of a second trial. . . . Indeed, I have always been of the opinion, and acted upon it, that no point of law can be properly reserved, unless if that point be held in one way, the court would be bound to give a binding instruction to the jury to find a verdict for the plaintiff or for the defendant." From this case dates diversity of practice in the lower courts, and to some extent, of opinion in this Court. The case was decided in 1868, just five years after the act of 1863. The power to reserve points conferred on courts of Philadelphia by act of 1835 had been extended to all the common pleas courts of the commonwealth, and the practice became one for frequent adjudication in this Court. Obviously, there has been a struggle to get away from the rigid rulings theretofore prevailing and attain the desired end, promptness in final judgment, by a more liberal exercise of the power to reserve points at the trial. There were, doubtless, good reasons for strict adherence to the earlier rule. The evidence was taken down in narrative form in long-

hand by counsel and court; there was scarcely a pretense of reducing the exact words of the witness to writing. It might well be that much of what was relevant and important evidence would be lost, and the established or undisputed facts at the trial be incapable of ascertainment from the meager report. But now, when every word of the testimony, interrogatory and answer of witness, offer, purpose of, and objection to evidence are taken down verbatim in the presence and hearing of the judge who afterwards considers it, the old rule, it seems to us, in the interests of speedy administration of justice, should be relaxed.

Whether there be any evidence which entitles the plaintiff to recover is necessarily a question of law. If defendant had demurred to the evidence as insufficient to entitle plaintiff to a verdict the court would have sustained the demurrer, as is clear from the opinion filed on the reserved point. If he had not reserved the point he would have been bound, after consideration, to have granted a new trial, and then, on the same evidence, would have peremptorily instructed the second jury to find for defendant. We would then have had this appeal, raising by the assignments of error the question as to whether there was any evidence to submit to the jury entitling the plaintiff to recover. The only effect of declaring the reservation bad is to put the parties to two trials instead of one. Besides, there is the advantage, often, that a single judgment of this Court is final. Where the court below can, as in some cases, submit the evidence to the jury, reserving the point, and the jury find for plaintiff, and judgment is afterwards entered for defendant on the point reserved, and the Supreme Court, on appeal, differs in opinion with the court below, we can direct judgment to be entered for plaintiff on the verdict.

Notwithstanding the conflict in the cases heretofore decided, with a view to hereafter freeing the question from doubt, we decide that the question, whether there be any evidence which entitled the plaintiff to recover, is a good reservation, without a statement upon the record of the facts on which the point is based. And if the evidence be submitted to the jury, and there be a verdict for plaintiff, or if the court direct a verdict for plaintiff, the court can, on such a reservation, enter judgment for defendant, non obstante veredicto.

The judgment is affirmed.